IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT HAMPTON TAYLOR, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-21-37 |
| C.L. WEBER, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM ORDER

Petitioner Robert Hampton Taylor, a federal inmate currently incarcerated at FCI Cumberland, filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Taylor avers that the Respondent is violating his Eighth Amendment right to be free from cruel and unusual punishment because of the "unreasonable exposure to to [sic] dangerous conditions and unreasonable exposure to a life-threatening illness while incarcerated." ECF No. 1 at 7. Respondent urges the Court to dismiss of the Petition. ECF No. 5. The Court has reviewed the pleadings and finds no need for a hearing. *See* D. Md. Local R. 105.6. For the following reasons, the Petition will be dismissed without prejudice.

Taylor is serving a life sentence at FCI Cumberland. ECF No. 5-1 at ¶ 3. He suffers from diabetes, hypertension, kidney disease and other serious medical conditions. Taylor alleges that Respondent has failed to implement adequate safety precautions to protect Taylor from contracting COVID-19. ECF No. 1 at 8; *see* ECF 1-2. In December 2020 alone, avers Taylor, 214 inmates at the facility and 14 guards tested positive for COVID-19. *See* ECF No. 1-3 at ¶¶ 4, 6. The facility does not quarantine COVID positive inmates, nor does it adequately sanitize shared surfaces or provide the inmates sufficient personal protective equipment. *Id.* at ¶¶ 7, 8.

Respondent argues that the Petition must be dismissed because it mounts a challenge to Taylor's conditions of confinement, and thus cannot be brought pursuant to 28 U.S.C. § 2241. If anything, argues Respondent, it is more properly construed as a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 5. The Court agrees.

A federal prisoner may bring a § 2241 Petition to challenge whether he is "held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (quoting 28 U.S.C. § 2241). *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488–89 (1973); *Robinson v. Thomas*, 855 F.3d 278, 283–84 (4th Cir. 2017); *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (citing with approval *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003)). Such petitions, however, are available to contest the "fact or duration" of confinement and to seek immediate release as relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 (1973); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges "to the circumstances of . . . confinement" may be brought as a civil rights action, while "[c]hallenges to the validity of . . . confinement or to particulars affecting its duration are the province of habeas corpus."); *Seth v. McDonough,* 461 F. Supp 3d 242, 256 (D. May 21, 2020) (citing cases): *cf. Coreas v. Bounds*, No. TDC-20-0780, 451 F. Supp. 3d 407, 419–21 (D. Md. Apr. 3, 2020) (holding that a "claim by an immigration detainee seeking release because of unconstitutional conditions or treatment is cognizable under § 2241").

By contrast, an inmate's challenge to conditions of confinement is more properly pursued as a civil rights claim, not a § 2241 Petition. Although the Fourth Circuit has not issued a published decision on this issue, it has recognized the majority of Circuits that have concluded similarly. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (noting majority of Circuits holding

conditions of confinement claims must be brought only as a civil rights action). Because section 2241 is "primarily a vehicle for attack by a confined person on the legality of his custody," the "traditional remedial scope of the writ has been to secure absolute release— either immediate or conditional—from that custody." *Id*. at 163 (quoting *Lee v. Winston*, 717 F.2d 888, 892 (1983)). *See also Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (conditions claims not cognizable in habeas proceedings.); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (same).

Clearly, this Petition challenges the conditions of confinement at FCI Cumberland. Taylor complains that the quality and nature of the housing offers thin protection against COVID-19, thus exposing him to "deplorable" and unreasonably dangerous circumstances. ECF No. 1-3 at ¶ 9; ECF No. 1 at 7. Although Taylor asks for immediate release, he also asks that the Court order Respondent to implement "adequate measures to protect [Taylor] from COVID-19 infection." ECF No. 1 at 9. The claim, therefore, inescapably challenges the conditions, rather than the fact, of confinement, and thus must proceed as a civil rights action, not a § 2241 Petition.

The claim will be dismissed without prejudice so that Taylor may pursue it as a *Bivens* action. The Court directs the Clerk to enclose pre-printed forms for filing a civil rights complaint along with this Order.

Accordingly, it is this 24th day of August 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Taylor's Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;

2. The Clerk SHALL SEND a copy of this Order and the Court's civil rights complaint form with instructions to Taylor and SHALL SEND a copy of this Order to counsel; and

3.  The Clerk SHALL CLOSE this case.

/S/

Paula Xinis
United States District Judge
